# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 40202 (rem)**

---

**UNITED STATES**
*Appellee*

v.

**Samuel H. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

---

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 12 May 2025

---

*Military Judge*: Rebecca E. Schmidt (arraignment and pretrial motions); Colin P. Eichenberger (trial).

*Sentence*: Sentence adjudged on 9 July 2021 by GCM convened at Creech Air Force Base, Nevada. Sentence entered by military judge on 30 July 2021: Bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major Trevor N. Ward, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF.

Before RICHARDSON, ANNEXSTAD, and PERCLE, *Appellate Military Judges*.

Senior Judge RICHARDSON delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge PERCLE joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

RICHARDSON, Senior Judge:

Appellant's case is before this court for a second time. A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification each of aggravated assault with a dangerous weapon, breach of the peace, and wrongful use of marijuana, and two specifications of communicating a threat, in violation of Articles 128, 116, 112a, and 115, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 916, 928, 912a, 915, respectively.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Of note, the military judge imposed periods of confinement of 18 months for aggravated assault and one month for breach of the peace, with all periods of confinement to run concurrently. Appellant was credited with 299 days for time served in pretrial confinement. The convening authority took no action on the findings or sentence.

In his initial appeal to this court, Appellant raised seven assignments of error, to include claiming: (1) his conviction for aggravated assault was legally and factually insufficient, and (2) his conviction for breach of the peace was legally and factually insufficient. *See United States v. Smith*, No. ACM 40202, 2023 CCA LEXIS 196, at *2 (A.F. Ct. Crim. App. 5 May 2023) (unpub. op.), *rev'd in part*, ___ M.J. ___, No. 23-0207, 2024 CAAF LEXIS 527 (C.A.A.F. 23 Nov. 2024). We found error and provided relief for issue (1) above by affirming a lesser-included offense and reassessing the sentence. Specifically, we set aside the finding of guilty as to assault with a dangerous weapon in the Specification of Charge V, excepted therefrom and set aside the words "with the intent to inflict bodily harm," "dangerous," and "loaded," and affirmed the remaining language as the lesser-included offense of simple assault. *Id.* at *62–63.

Regarding issue (2) above, our decision was split. The majority opinion held that Appellant's language in the Specification of Charge IV alleging breach of the peace "does not merit constitutional protection." *Id.* at *62. The minority opinion concluded the finding of guilty was not legally sufficient because the Government failed to prove Appellant's words were constitutionally unprotected "fighting words." *Id.* at *67, 69 (Cadotte, J., concurring in part and dissenting in part and in the result). The majority affirmed Appellant's conviction for breach of the peace and reassessed Appellant's sentence to a bad-conduct

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The members found Appellant not guilty of one specification of reckless driving and two other specifications of communicating a threat, charged as violations of Articles 113 and 115, UCMJ, 10 U.S.C. §§ 913, 915.

discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1. *Id.* at \*62–63.

On issue (2) above, the United States Court of Appeals for the Armed Forces (CAAF) disagreed with our majority opinion, finding: "Appellant's speech does not fall within any of the traditionally recognized categories of unprotected speech. Because the Government elected to charge Appellant for breaching the peace based on his speech alone, his Article 116[, UCMJ,] conviction violates the First Amendment and must be set aside." *Smith*, 2024 CAAF LEXIS 527, at \*18. Accordingly, the CAAF reversed our decision as to the findings of Charge IV and its Specification and the sentence, dismissed Charge IV and its Specification, affirmed our decision with respect to the other findings, and returned the record for remand to this court for a reassessment of the sentence or to order a rehearing. *Id.* Thus, the affirmed findings of guilty in this case now are: one specification each of simple assault and wrongful use of marijuana, and two specifications of communicating a threat, in violation of Articles 128, 112a, and 115, UCMJ, respectively.

On remand to this court, the parties submitted briefs addressing whether this court should reassess the sentence or order a rehearing on the sentence. Both argued in favor of reassessment. We conclude that reassessment is appropriate, and we take corresponding action in our decretal paragraph.

## I. DISCUSSION

### A. Law

Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), a court-martial sentence may not be held incorrect by virtue of legal error "unless the error materially prejudices the substantial rights of the accused." If a Court of Criminal Appeals (CCA) can conclude that an adjudged sentence would have been of at least a certain severity absent any error, "then a sentence of that severity or less will be free of the prejudicial effects of error; and the demands of Article 59(a)[, UCMJ,] will be met." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

CCAs have broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). In deciding whether to reassess a sentence or return a case for a rehearing, we consider the totality of the circumstances including the following factors: (1) "[d]ramatic changes in the penalty landscape and exposure;" (2) whether the appellant was sentenced by court members or a military judge; (3) "[w]hether the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses and . . .

whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "[w]hether the remaining offenses are of the type that judges of the [CCAs] should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id.* at 15–16 (citations omitted). These factors are "illustrative, but not dispositive, points of analysis" to be considered as part of "the totality of the circumstances presented." *Id.* at 15. If we cannot determine that the sentence would have been at least of a certain magnitude, we must order a rehearing. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citation omitted).

## B. Analysis

The Government urges us to reassess the sentence and affirm the same sentence we affirmed after our initial reassessment: a bad-conduct discharge, a total of ten months' confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant "agrees that the adjudged discharge, reduction in grade, and forfeitures should not be disturbed" but urges us not to "affirm [Appellant's] entire sentence which, in part, was based on an unconstitutional conviction." Instead, Appellant states we "should reassess [Appellant's] sentence to nine months of confinement." We agree with the Government. We have considered the *Winckelmann* factors, and determine reassessment is appropriate.

In our initial reassessment, we stated: "Taking all factors into consideration, we conclude that the military judge would have imposed a sentence of at least ten months in confinement for the Specification of Charge V, to be served concurrently with the other specifications." *Smith*, unpub. op. at *53. That conclusion does not change. We still are confident Appellant would have been sentenced to at least ten months' confinement for this simple assault, to be served concurrently with the other periods of confinement imposed for the affirmed findings of guilty.

Even with the Specification of Charge IV set aside and dismissed, we are confident Appellant would have been sentenced to a total period of confinement of at least ten months. We have considered the other components of the adjudged sentence—bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the grade of E-1—and determine, based on the totality of the circumstances, Appellant's sentence would have at least included those punishments as well.

## II. CONCLUSION

We reassess the sentence to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-

1. The sentence, as reassessed, is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). The sentence, as reassessed, is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court